IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| KIMBERLY AMANDA LARNEY and SHARON SPEARMAN, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 7:06-cv-40 (HL) |
| MICHAEL CROFT, MICHAEL CROFT ENTERPRISES, INC., JAMIE GASKINS, IRWIN COUNTY, GEORGIA, and DONNIE YOUGHN, as Sheriff of Irwin County, Georgia, | : : : : : : | |
| Defendants. | : | |

# ORDER

Before the Court are a Motion to Dismiss (Doc. 14) filed by Defendant Michael Croft ("Croft"), a Motion for Leave to Amend Complaint (Doc. 22) filed by Plaintiffs Kimberly Amanda Larney ("Larney") and Sharon Spearman ("Spearman"), and a document entitled "Amended Complaint" (Doc. 31) filed by Plaintiffs. For the reasons set forth below, the Motion to Dismiss is granted in part and denied in part, the Motion for Leave to Amend Complaint is granted in part and denied in part, and the "Amended Complaint" must be supplemented and refiled.

I. **FACTUAL AND PROCEDURAL HISTORY**

Plaintiffs in the present case filed a four-count Complaint (Doc. 1) alleging sexual

1

harassment and retaliation under Title VII of the Civil Rights Act of 1964 (Count One) and state law claims for sexual harassment (Count Two), negligent hiring and retention (Count Three) and battery (Count Four). Both Larney and Spearman were formerly employed as correctional officers at the Irwin County Detention Center ("ICDC"). This suit arises from their alleged harassment by Jamie Gaskins ("Gaskins"), who was a sergeant at ICDC when they worked there, and the alleged role their employers played in hiring Gaskins, failing to respond to Plaintiffs' complaints about him, and retaliating against them for filing those complaints. As their employers, Plaintiffs originally named Michael Croft Enterprises, Inc. ("Croft Enterprises"), Irwin County, Georgia ("Irwin County"), and Donnie Youghn, as Sheriff of Irwin County, Georgia ("Youghn"). (Id. at 3, ¶ 10.)

Simultaneously with his Answer, Croft filed a Motion to Dismiss (Doc. 14). Plaintiffs filed a Response (Doc. 21) to Croft's Motion, and Croft filed a Reply (Doc. 24). However, Croft's Motion also prompted Plaintiffs to file a Motion for Leave to Amend Complaint (Doc. 22), by which Plaintiffs sought leave to add a 42 U.S.C.A. § 1983 claim against Croft, Gaskins and Youghn (Count 5), and an additional state claim for negligent hiring, retention and supervision against Croft alone (Count 6). Gaskins filed a Response (Doc. 25) stating he did not oppose Plaintiffs' Motion for Leave to Amend; Croft filed a Response (Doc. 26) stating he did.[1] Plaintiffs failed to file a Reply. Finally, Plaintiffs filed a document entitled "Amended Complaint" (Doc. 31), by which they sought to add Irwin County Detention Center, LLC as a

---

[1] Youghn never filed a Response.

Defendant (id. at 1), allegedly with the consent of all parties in the case (id. at 2, ¶ 5). The Court must now determine which Defendants and claims are proper.

## II. ANALYSIS

### A. Motion to Dismiss

A motion to dismiss a plaintiff's complaint, or a portion thereof, under Federal Rule of Civil Procedure 12(b)(6) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Furthermore, "[a]t the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1274 n.1 (11th Cir. 1999). Finally, the "threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . exceedingly low." Ancata v. Prison Health Servs. Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quotation and citation omitted).

Croft argues he should be dismissed from the case for two reasons. First, Croft contends Plaintiffs' Complaint contains no allegations of any wrongful conduct perpetrated by Croft himself. Second, Croft posits he was neither Plaintiffs' nor Gaskins' employer, and therefore he cannot be vicariously liable for the conduct of others. By way of response, Plaintiffs "acknowledge[d] that the arguments of Defendant Croft . . . are not entirely without merit" (Doc. 21 at 2), and contemporaneously filed a Motion for Leave to Amend Complaint (Doc. 22) to "clarify" their claims against Croft and add additional claims against him and other Defendants. Before the Court considers the new claims Plaintiffs wish to bring against Croft,

3

it will consider Croft's liability under the four claims originally leveled against him.

### 1. Count One: Title VII of the Civil Rights Act of 1964

Under Title VII, it is unlawful "for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C.A. § 2000e-2(a)(1) (2003). "The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991). Quoting this maxim, Croft argues Count One fails to state a claim against him as a matter of law. Without expressly conceding the matter, Plaintiffs essentially admit Croft has a point.[2] The Court agrees Croft has a very good point—Croft is not Plaintiffs' employer for Title VII purposes. Croft's Motion to Dismiss, as it relates to Plaintiffs' Title VII claim, is granted.

### 2. Count Two: Sexual Harassment

Plaintiffs' original Complaint sets forth a claim for the state tort of sexual harassment, but it is unclear whether Plaintiffs meant to bring this claim against Croft. Count Two specifically references Gaskins (Doc. 1 at 8, ¶ 38) and "the Employer Defendants" (id., ¶ 40), but Plaintiffs earlier definition of "the Employer Defendants" (id. at 3, ¶ 10) did not include Croft. In his Motion to Dismiss, Croft argues there is no basis for vicarious liability against him on this point, and Plaintiffs' Response does not dispute his contention. Accordingly, because

---

[2] Plaintiffs' Response fails to tackle Croft's assertions in any way; instead it focuses entirely on the propriety of Plaintiffs' contemporaneously filed Motion to Amend.

Plaintiffs have apparently conceded that they did not intend to hold Croft liable under Count Two, Croft's Motion to Dismiss as it relates to this claim is granted.

### 3. Count Three: Negligent Hiring and Retention

Plaintiffs' original Complaint sets forth a claim for the state tort of negligent hiring and retention, but it is unclear whether Plaintiffs meant to bring this claim against Croft. Count Three specifically references "the Employer Defendants" (id. at 8, ¶ 41), but Plaintiffs earlier definition of "the Employer Defendants" (id. at 3, ¶ 10) did not include Croft. In his Motion to Dismiss, Croft argues there is no basis for holding him liable on this point since he was not an employer of Plaintiffs or Gaskins. Plaintiffs appear to acknowledge a lack of clarity in their initial Complaint on this point, and therefore their Motion for Leave to Amend specifically "state[s] additional claims [Count Six] against Defendant Croft under Georgia state law" (Doc. 22 at 1) for negligent hiring, retention and supervision.[3] Accordingly, because Plaintiffs have apparently conceded that they did not intend to hold Croft liable under Count Three, Croft's Motion to Dismiss as it relates to this claim is granted.

### 4. Count Four: Battery

Plaintiffs' original Complaint sets forth a claim for the state tort of battery, but like the last two claims discussed, it is unclear whether Plaintiffs meant to bring this claim against Croft. Count Four specifically references Gaskins (Doc. 1 at 9, ¶ 43) and "the Employer Defendants" (id., ¶ 44-46), but Plaintiffs earlier definition of "the Employer Defendants" (id.

---

[3] The propriety of Plaintiffs' Count Six is discussed below in section II.B.2.

at 3, ¶ 10) did not include Croft.  In his Motion to Dismiss, Croft argues there is no basis for vicarious liability against him on this point, and Plaintiffs' Response does not dispute his contention.  Accordingly, because Plaintiffs have apparently conceded that they did not intend to hold Croft liable under Count Four, Croft's Motion to Dismiss as it relates to this claim is granted.

### B.     Motion for Leave to Amend

Pursuant to Federal Rule of Civil Procedure 15(a), a party may move to amend its pleading after a responsive pleading has been served "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  "The decision whether to grant leave to amend is within the sound discretion of the trial court."  Jameson v. Arrow Co., 75 F.3d 1528, 1534-35 (11th Cir. 1996).  The Supreme Court of the United States has emphasized that despite this broad trial court discretion,

> [i]f the underlying facts or circumstances relied on by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

#### 1.     Count Five: 42 U.S.C.A. § 1983

"To establish a claim under 42 U.S.C.A. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law."  Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005)

6

(citing West v. Atkins, 487 U.S. 42, 48 (1988)).  Three primary tests are used to determine whether an private party should be considered a state actor for § 1983 purposes: (1) the public function test, (2) the state compulsion test, and (3) the nexus/joint action test.  See, e.g., Willis v. Univ. Health Services, 993 F.2d 837, 840 (11th Cir. 1993).

> The public function test limits state action to instances where private actors are performing functions traditionally the exclusive prerogative of the state.  The state compulsion test limits state action to instances where the government has coerced or at least significantly encouraged the action alleged to violate the Constitution.  The nexus/joint action test applies where the state has so far insinuated itself into a position of interdependence with the private party that it was a joint participant in the enterprise.

Id. (quotations and citations omitted).

Here, Plaintiffs seek to add a § 1983 claim against three Defendants: Croft, Gaskins and Youghn.  The Court will examine the potential claim as it relates to each Defendant in turn.

### a. Croft

Croft filed a Response (Doc. 26) opposing Plaintiffs' Motion for Leave to Amend to add a § 1983 claim against him based on the contention that he is not a state actor for § 1983 purposes.  Croft argues he is a corporate officer with Croft Enterprises, a private corporation, and that it is undisputed that he is neither a public employer or public employee. (Id. at 3-4.)  Croft further rejects any suggestion that he was (1) performing a public function, (2) coerced or encouraged by the State to violate Plaintiffs' constitutional rights, or (3) intertwined in a symbiotic relationship with any government entity involved in the alleged harassment of Plaintiffs.  (Id. at 4.)

In contrast to Croft's three part analysis of whether he should be considered a state actor

for § 1983 purposes, Plaintiffs proffered no such examination. Indeed, faced with Croft's analysis, Plaintiffs failed to file a Reply. Even though all well-pleaded facts are accepted as true at the motion to dismiss stage, and reasonable inferences therefrom are construed in the light most favorable to the plaintiff, Plaintiffs have given the Court insufficient facts upon which to base a finding that Croft is a state actor, and any conclusion that he was would be more of a leap of faith than a reasonable inference.[4] See, e.g., Boatwright v. OMI, Inc., No. 5:05-cv-266 (CAR), 2006 WL 2523110, at *4 (M.D. Ga. Aug. 29, 2006). Because Plaintiffs have failed to assert a factual basis that Croft may be held liable as a state actor, the Court accepts Croft's argument that such an amendment would be futile. Plaintiffs' Motion for Leave to Amend to add Croft as a Defendant pursuant to a § 1983 claim is denied.

### b.  Gaskins

Gaskins filed a Response (Doc. 25) stating he did not oppose Plaintiffs' Motion for Leave to Amend to add a § 1983 claim against him.[5] Accordingly, in light of Rule 15(a), given that the amendment is made by written consent of the adverse party and that leave shall be freely given, Plaintiffs may amend their Complaint to add this claim against Gaskins.

In their Amended Complaint, however, Plaintiffs are unclear whether they wished to sue

---

[4] The only place where Plaintiffs might be said to have made the most bare allegation that Croft might be a state actor is when they asserted "Croft was the administrator of the ICDC" (Doc. 22 at 2, ¶ 49) after they had said earlier that ICDC "is a correctional facility . . . . owned by Irwin County, a political subdivision of the State of Georgia" (Doc. 1 at 3, ¶ 7). Such attenuated fragments are insufficient to establish that Croft, a private party, should be considered a state actor for § 1983 purposes.

[5] Notwithstanding his willingness to allow Plaintiffs to so amend their Complaint, Gaskins still "denie[d] that he is liable to Plaintiffs." (Doc. 25 at 1.)

Gaskins under § 1983 in his individual or official capacity or both. Considering a similar situation, the United States Court of Appeals for the Eleventh Circuit held that "[w]hen it is not clear in which capacity the defendants are sued, the course of proceedings typically indicates the nature of the liability sought to be imposed." Jackson v. Georgia Dept. of Transp., 16 F.3d 1573, 1575 (11th Cir. 1994). However, the Eleventh Circuit also noted that district courts considering such a vague § 1983 claim "are in a position to ensure a more effective use of judicial resources . . . . [and] should consider establishing a means by which the record would clearly reflect whether the case was brought against a defendant in an individual or official capacity." Id. In light of this admonition, the Court directs Plaintiffs, when they recast their Complaint as they are ordered to do in the conclusion of this Order, to specify the capacity in which Gaskins is sued.

### c. Youghn

Youghn filed no Response to Plaintiffs' Motion for Leave to Amend, therefore the Court must analyze whether there is any reason leave should not be freely given for the proposed amendment. Initially, the Court notes there have been no allegations or indications of undue delay, bad faith or dilatory motive on the part of the movants, nor have they repeatedly failed to cure deficiencies by amendments previously allowed, nor would there be any undue prejudice to the opposing party by virtue of the allowance of the amendment. Given the early stage of litigation and the lack of any opposition from Youghn, the Court does not find the amendment would be futile. Plaintiffs may amend their Complaint to add this claim against Youghn. Similarly to the Court's discussion in regards to Gaskins, the Court directs

Plaintiffs, when they recast their Complaint, to clearly specify the capacity in which Youghn is sued.

### 2. Count Six: Negligent Hiring, Retention and Supervision

Plaintiffs also seek leave to add an additional state claim for negligent hiring, retention and supervision against Croft. Defendants oppose the leave to amend, arguing that "[t]he negligence claims sought to be asserted by Plaintiffs are codified at O.C.G.A. § 34-7-20" (Doc. 26 at 5), and structure their opposition accordingly. However, Plaintiffs never specified under which section(s) of the Georgia Code they brought Count Six, nor did they file a reply to Croft's Response.

It is clearly within a trial court's discretion to demand a more definite statement on its own initiative. See Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 907 n.13 (11th Cir. 1996) ("The court clearly had the discretion to strike, on its own initiative, the [plaintiff's] complaint, and to require the [plaintiff] to file a more definite statement."); see also Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001). Accordingly, the Court orders Plaintiffs, when they file their Amended Complaint, to specify what section(s) of the Georgia Code underpin Count Six. At that point, Croft may file a Motion to Dismiss, should he so wish, and the Court will determine whether this Count may be allowed to stand against him.[6]

### C. "Consent" Amendment

---

[6] The parties may wish to consider whether, having dismissed all of the federal claims against Croft, the Court should exercise its discretion in entertaining Plaintiffs' remaining potential state claim against him.

Larney and Spearman filed a document (Doc. 31) which they said "restate[d] in full their Complaint, and amend[ed] said Complaint to add as a party defendant Irwin County Detention Center, LLC (id. at 1). Plaintiffs further explained "[a]ll parties named in Plaintiff's Complaint have consented to the addition of Irwin County Detention Center, LLC, as a party defendant." (Id. at 2, ¶ 5.) Rule 15(a) clearly states that a complaint may only be amended by "*written*" consent of the adverse party. Plaintiffs attached no such written consent to their "amendment," nor did any of the other parties in the case sign the document. While the Court has no reason to doubt the veracity of Plaintiff's statement that all parties have consented, the Rules require written consent. Accordingly, should Plaintiffs wish to amend their Complaint to add Irwin County Detention Center, LLC, as a party defendant, they must submit a written consent by the adverse parties in this case. After submitting this written consent, Plaintiffs may include Irwin County Detention Center, LLC, as a party defendant in their soon-to-be recast Complaint.[7]

## III. CONCLUSION

Croft's Motion to Dismiss (Doc. 14) is granted in part and denied in part.[8] Plaintiffs' Motion for Leave to Amend Complaint (Doc. 22) is granted in part and denied in part. The

---

[7] The Court notes that even had Plaintiffs properly submitted written consent with their "Amended Complaint," they would have been ordered to recast their Complaint. Simply submitting piecemeal "amendments" is the inappropriate way to amend a complaint, as the Court and parties require one document to work with, cite to, etc. Plaintiffs should understand that the amended complaint contemplated in the conclusion of this Order will replace their original Complaint, and should accordingly encompass every claim Plaintiffs wish to bring, and the Court and parties will work from it henceforth.

[8] Even though Croft's Motion to Dismiss is granted in full in that Counts 1, 2, 3 and 4 are dismissed against him, it is denied in that he is not dismissed as a Defendant from the lawsuit.

"Amended Complaint" (Doc. 31) filed by Plaintiffs is rejected. Plaintiffs are directed to file an amended complaint that complies with the rulings contained in this Order by January 16, 2007.

**SO ORDERED**, this the 29th day of December, 2006.

<u>**s/ Hugh Lawson**</u>
**HUGH LAWSON, JUDGE**

pdl